UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EZRA RODRIGUEZ, #979211,

       Petitioner,

                              CASE NO. 2:19-CV-11265
v.                             HON. ARTHUR J. TARNOW

RANDEE REWERTS,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I. INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Ezra Rodriguez was convicted of four counts of first-degree criminal sexual conduct, armed robbery, kidnapping, carjacking, and possession of a firearm during the commission of a felony pursuant to a plea in the Wayne County Circuit Court and was sentenced to concurrent terms of 23 to 25 years imprisonment and a consecutive term of two years imprisonment on those convictions in 2016. In his *pro se* habeas petition, he raises claims concerning the validity of his sentences and the appointment of counsel (or lack thereof) in his state criminal proceedings.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, RULES GOVERNING § 2254 CASES.

After undertaking such preliminary review, the Court concludes that Petitioner has not exhausted state court remedies as to his third habeas claim and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

2

## II. PROCEDURAL HISTORY

Petitioner's convictions arise from his carjacking, kidnapping, armed robbery, and sexual assault of a woman on April 8, 2015. Following his plea and sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals asserting that he is entitled to resentencing where his sentence is disproportionately harsh and unreasonable and a violation of his state and federal constitutional rights. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Rodriguez,* No. 339141 (Mich. Ct. App. Oct. 17, 2017) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Rodriguez*, 501 Mich. 1062, 910 N.W.2d 293 (May 1, 2018).

Petitioner dated his federal habeas petition on April 24, 2019. He raises the following claims: (1) disproportionate sentencing, (2) due process right to be sentenced using accurate information, and (3) was only appointed counsel for one out of two cases.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all available state court remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and

3

(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts, including both the Michigan Court of Appeals and the Michigan Supreme Court, to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to meet his burden of demonstrating exhaustion of state court remedies. He admits that he has not presented his third habeas claim to the state courts before instituting this federal habeas action. Generally, a federal district court should

dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal

habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id.* at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

In this case, Petitioner admits that he has not exhausted his third habeas claim. He has available remedies in the Michigan courts by which to do so before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted

6

issue in the state appellate courts as necessary.

Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. Petitioner's convictions became final 90 days after the conclusion of direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about July 30, 2018. The one-year period began running the next day and ran until April 24, 2019 when Petitioner dated his federal habeas petition for submission to prison officials for mailing. Accordingly, just under nine months of the one-year period had expired when he instituted this action. While the time in which his habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Given that more than three months of the one-year period remains, Petitioner has ample time in which to fully exhaust all of his claims in the state courts and then return to federal court should he wish to do so. A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, Petitioner fails to show good cause for failing to properly exhaust his third claim in the state courts before seeking federal habeas relief. While he asserts that it is based upon newly-discovered evidence, he fails to explain how counsel's appointment (or lack thereof) during his state criminal proceedings is newly-discovered. Petitioner knew or could have known of this issue at the time of his plea, sentencing, and/or direct appeal. Lastly, the Court notes that the lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Petitioner's unexhausted claim concerns a matter of federal law and may not be plainly meritless. The claim should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not properly exhausted state court remedies as to his third habeas claim and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claim and proceed only on exhausted claims (those that were presented to the state courts on direct appeal), he may move to re-open this case and amend his petition to proceed only on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of the claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. See FED. R. APP. P. 24(a).

    **IT IS SO ORDERED.**


    _s/Arthur J. Tarnow_
    ARTHUR J. TARNOW
    UNITED STATES DISTRICT JUDGE

Dated: May 22, 2019