UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EZRA RODRIGUEZ, #979211,

        Petitioner,

                               CASE NO. 2:19-CV-11265
v.                            HONORABLE ARTHUR J. TARNOW

RANDEE REWERTS,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE AMENDED HABEAS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I.    Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Ezra Rodriguez was convicted of four counts of first-degree criminal sexual conduct, armed robbery, kidnapping, carjacking, and possession of a firearm during the commission of a felony pursuant to a plea in the Wayne County Circuit Court and was sentenced to concurrent terms of 23 to 35 years imprisonment and a consecutive term of two years imprisonment on those convictions in 2016. In his pro se habeas petition, as amended, he raises claims concerning the validity of his sentences.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court

finds that Petitioner is not entitled to relief on his sentencing claims and his habeas

petition must be denied.

## II.    Facts and Procedural History

Petitioner's convictions arise from his carjacking, kidnapping, armed

robbery, and sexual assault of a woman on April 8, 2015.  Following his plea and

sentencing, Petitioner filed an application for leave to appeal with the Michigan

Court of Appeals asserting that he is entitled to re-sentencing where his sentences

are disproportionately harsh and unreasonable and a violation of his state and

federal constitutional rights.  The Michigan Court of Appeals denied leave to

appeal for lack of merit in the grounds presented.  *People v. Rodriguez*, No.

339141 (Mich. Ct. App. Oct. 17, 2017) (unpublished).  Petitioner filed an

application for leave to appeal with the Michigan Supreme Court, which was

denied in a standard order.  *People v. Rodriguez*, 501 Mich. 1062, 910 N.W.2d 293

(May 1, 2018).

Petitioner subsequently instituted this federal action.  In his habeas petition,

as amended, he raises the following claims:  (1) disproportionate sentencing, and

(2) due process right to be sentenced using accurate information.

3

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because

Petitioner filed his petition after the AEDPA's effective date.  *Lindh v. Murphy*,

521 U.S. 320, 336 (1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be
> granted with respect to any claim that was adjudicated on the
> merits in State court proceedings unless the adjudication of the
> claim--
>
> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law,
>        as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented
>        in the State court proceeding.

28 U.S.C. §2254(d) (1996).  Additionally, a federal habeas court must presume

the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1).

## IV.    Analysis

Petitioner asserts that he is entitled to habeas relief because the state trial

court erred in imposing his sentences.  The Michigan Court of Appeals denied

Petitioner's delayed application for leave to appeal for lack of merit in the grounds

presented and the Michigan Supreme Court denied leave to appeal in a standard

order.

The state courts' denial of relief is neither contrary to United States

Supreme Court precedent nor an unreasonable application of federal law or the

facts.[1]  A sentence imposed within the statutory limits is generally not subject to

federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v.*

*Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a

state trial court's sentencing decision are not normally cognizable upon habeas

review unless the petitioner can show that the sentence imposed exceeded the

statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp.

2d 741, 745 (E.D. Mich. 2001).  Petitioner's sentences are within the statutory

maximum sentences for first-degree criminal sexual conduct, armed robbery,

kidnapping, carjacking, and possession of a firearm during the commission of a

felony.  *See* MICH. COMP. LAWS §§ 750.520b (authorizing a sentence of life

imprisonment or any term of years); 750.529 (authorizing a sentence of life

---

[1]The Court would reach the same result under a de novo standard of review.

imprisonment or any term of years; 750.349 (authorizing a sentence of life imprisonment or any term of years); 750.529a (authorizing a sentence of life imprisonment or any term of years); 750.227b (mandating a consecutive sentence of two years imprisonment). Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

Petitioner first asserts that he is entitled to habeas relief because his sentences are disproportionate and the trial court erred in imposing sentences that departed above the minimum guideline range. Petitioner's claim that his sentences are disproportionate is not cognizable on federal habeas review because it is a state law claim. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (ruling that the Eighth Amendment does not require strict proportionality and that Michigan prisoner's claim that his sentence was disproportionate was not cognizable on habeas review). There is no federal constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S.

74, 76 (2005) ("a state court's interpretation of state law, including one announced

on direct appeal of the challenged conviction, binds a federal court sitting on

habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas

relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S.

62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas

relief may be granted as to this issue.

Similarly, Petitioner's claim challenging the trial court's upward departure

from the recommended minimum sentencing range is not cognizable on federal

habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x

52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state

sentencing guidelines and crediting statutes is a matter of state concern only.");

*Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000) (state court did not abuse

its discretion nor violate federal due process by imposing a sentence above the

state sentencing guidelines); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854,

*2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state

law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F.

Supp. 2d 846, 867 (E.D. Mich. 2009) (denying habeas relief on sentencing

departure claim). Any alleged error in departing from the recommended minimum guideline range does not merit habeas relief. As discussed, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68. Petitioner thus fails to state a claim upon which federal habeas relief may be granted as to this issue.

Petitioner next asserts that he is entitled to habeas relief due to his right to be sentenced based upon accurate information. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D.

Mich. 1992). Petitioner makes no such showing. He admits that he had a

sentencing hearing before the trial court with an opportunity to contest the

sentencing decision. He also challenged his sentences in the state appellate courts

and was denied relief. Petitioner fails to establish that the state court relied upon

materially false or inaccurate information in imposing his sentences which he had

no opportunity to correct. Habeas relief is not warranted on this claim.

Petitioner also cannot establish that his sentences constitute cruel and

unusual punishment under the Eighth Amendment. The United States

Constitution does not require strict proportionality between a crime and its

punishment. *Harmelin*, 501 U.S. at 965. A sentence that falls within the

maximum penalty authorized by statute "generally does not constitute 'cruel and

unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). As

discussed, Petitioner's concurrent sentences of 23 to 35 years imprisonment and

consecutive term of two years imprisonment are within the statutory maximums.

The state trial court thus acted within its discretion in imposing Petitioner's

sentences and there is no extreme disparity between his crimes and sentences so as

to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

                                    s/Arthur J. Tarnow
                                 ARTHUR J. TARNOW
                                 UNITED STATES DISTRICT JUDGE

Dated: July 12, 2019